

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| Debbie Henderson, | ) | Docket No. 2017-06-1090 |
| Employee, | ) | |
| v. | ) | |
| South Central Communications, | ) | State File No. 54600-2016 |
| Employer, | ) | |
| And | ) | |
| Cincinnati Ins. Co., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

This matter came before the Court on November 30, 2017, on Ms. Henderson's Request for Expedited Hearing. The present focus of this case is whether she is entitled to additional medical benefits, specifically knee and shoulder surgery, and temporary total disability benefits. The central legal issue is whether Ms. Henderson demonstrated she is likely to prevail at a hearing on the merits that her present need for the proposed treatment relates to the work accident. The Court holds Ms. Henderson satisfied her burden regarding causation and is therefore entitled to the proposed surgeries as well as temporary total disability benefits.[1]

### History of Claim

On July 19, 2016, Ms. Henderson fell at work. South Central accepted the claim, and she came under the care of Dr. Ronald Derr as the authorized treating physician. He provided conservative treatment for several months.

As for Ms. Henderson's present request for medical benefits, on February 16,

---

[1] Ms. Henderson's Affidavit states that she also seeks a penalty for wrongful termination of temporary disability benefits, but her counsel did not argue her entitlement to this at the hearing. Thus, the Court considers it waived at this time.

2017, Dr. Derr responded to a letter from the carrier as follows:[2]

> The injuries she sustained to her right shoulder, left knee, left hand, and right foot all came from her fall that she had in July 2016. She may have had some pre-existing changes in her knee, but they were aggravated to the point of requiring surgery due to that fall. Her shoulder is not an arthritic issue, it is more of a soft tissue impingement tissue [sic] of the rotator cuff and also some arthritic changes of the AC joint. Those were also non-symptomatic issues until her fall in July 2016.
>
> *I feel strongly that both of these injuries . . . all came from that injury.*

(Emphasis added.) He recommended shoulder surgery and surgical evaluation of the knee while under anesthesia. He repeated these recommendations in his February 21 and June 26 notes.

As for Ms. Henderson's request for temporary disability benefits, the parties agreed that she is entitled to them if the Court finds causation. Dr. Derr took her off work on August 10. The last off-work slip in the record, dated February 16, 2017, took Ms. Henderson off work for eight weeks. According to Ms. Henderson, South Central terminated temporary disability benefits on March 1, 2017. The Notice of Controversy stated, "Etiology of the current complaints not related to injury by accident[.]" According to the wage statement, Ms. Henderson's average weekly wage was $858.72, so her compensation rate is $572.48 weekly or $81.78 per day.

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law defines "injury" as an injury by accident arising primarily out of and in the course and scope of employment that causes the need for medical treatment. An aggravation of a pre-existing condition is a compensable injury when "it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A) (2017).

As the Workers' Compensation Appeals Board explained in *Miller v. Lowe's Home Centers, Inc.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 40, at *13 (Oct. 21, 2015), "[A]n employee can satisfy the burden of proving a compensable aggravation if: (1) there is expert medical proof that the work accident "contributed more than fifty percent (50%)" in causing the aggravation, and (2) the work accident was the cause of the aggravation "more likely than not considering all causes." However, an employee need not prove each and every element of his or her claim by a preponderance of the evidence

---

[2] Neither party introduced the carrier's letter.

at an expedited hearing to obtain temporary disability or medical benefits but "must come forward with sufficient evidence from which the court can conclude that he or she is likely to prevail at a hearing on the merits, consistent with Tennessee Code Annotated section 50-6-239(d)(1)." *Id.,* citing *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Here, Dr. Derr maintained in his letter to the adjuster that the need for the proposed treatment–shoulder and knee surgery – relates to the work accident. He acknowledged the presence of "some pre-existing changes in her knee, but they were aggravated to the point of requiring surgery *due to that fall.*" (Emphasis added.) Dr. Derr further wrote that her shoulder problem "is not an arthritic issue, it is more of a soft tissue impingement tissue [sic] of the rotator cuff and also some arthritic changes of the AC joint. Those were also non-symptomatic issues until her fall in July 2016." His opinions relate the need for surgery for both the knee and shoulder to the work accident in layperson's language.

South Central acknowledged that Dr. Derr was not required to couch his opinion verbatim to the statutory definition of a compensable injury under *Panzarella v. Amazon.com, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *13 (May 15, 2017):

> [A] physician may render an opinion that meets the legal standard espoused in section 50-6-102(14) without couching the opinion in a rigid recitation of the statutory definition. What *is* necessary, however, is sufficient proof from which the trial court can conclude that the statutory requirements of an injury as defined in section 50-6-102(14) are satisfied.

However, South Central emphasized that Dr. Derr's records contain references to the preexisting nature of Ms. Henderson's need for surgery, so that Ms. Henderson failed to satisfy her burden on causation. The Court read these records in their entirety and disagrees. Rather, the overarching theme from the medical records is that Ms. Henderson suffered a compensable aggravation of "preexisting changes" in her knee as defined in the statute and further explained in *Miller.* The records also substantiate that Dr. Derr believes the need for shoulder surgery arose primarily out of and in the course and scope of employment. He wrote that her condition was not an "arthritic issue" but a soft-tissue impingement that was not symptomatic until after the fall at work. Dr. Derr felt "strongly" that the fall caused the need for surgery. He noted the preexisting conditions and ruled them out as the primary cause of the need for treatment for both the knee and shoulder.

Thus, the Court finds that Ms. Henderson is likely to prevail at a hearing on the merits that her current need for treatment – shoulder and knee surgery – arises primarily out of her employment. Therefore, the Court grants her requests for additional medical benefits, including the proposed surgeries.

Finally, as to her request for temporary disability benefits, Ms. Henderson must show: (1) she became disabled from working due to a compensable injury; (2) there is a causal connection between her injury and his inability to work; and (3) the duration of the period of disability. *Jones v. Crencor,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Applying these factors, no one disputes that Ms. Henderson became disabled due to a compensable fall at work, and the Court finds that her current need for treatment is causally-related to the work accident. As for the duration of disability, the February 16 off-work slip removed Ms. Henderson from work for eight weeks, resulting in entitlement to temporary disability benefits totaling $4,579.68. However, since South Central paid her until terminating benefits on March 1, it is entitled to thirteen days' credit, or $1,063.14. Ms. Henderson's net temporary total disability award is $3,516.54.

**IT IS, THEREFORE, ORDERED** as follows:

1. South Central or its workers' compensation carrier shall provide Ms. Henderson with additional medical benefits, to include the recommended shoulder and knee surgeries.

2. South Central or its workers' compensation carrier shall pay past temporary total disability benefits to Ms. Henderson in a lump sum of $3,515.54.

3. This matter is set for a Status Conference on **February 5, 2018, at 10:15 a.m. Central Time.** The parties must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call may result in a determination of the issues without the party's participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED December 4, 2017.**

_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

## APPENDIX

Evidence:
1. Ms. Henderson's Declaration
2. First Report of Injury
3. Wage Statement
4. Dr. Derr's Medical records
5. Composite Medical Records filed by the Employer

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer Pre-Hearing Statement
5. Employer Witness List

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent to the following recipients by these methods of service on December 4, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service Sent to: |
|------|----------------|---------|-----------|------------------|
| Zach Wiley, Employee's attorney | | | X | zwiley@forthepeople.com ; rforrest@forthepeople.com |
| Leslie Bishop, Employer's Attorney | | | X | lbishop@lewisthomason.com; rlee@lewisthomason.com |

_____
**PENNY SHRUM, CLERK OF COURT**
**Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov

5